UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

QUYMINE BRYE,

    Plaintiff,

v.                                          Case No. 3:22cv9373-LC-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff Quymine Brye, proceeding *pro se*, filed an amended civil rights complaint purporting to assert claims under 42 U.S.C. § 1983 relating to the conditions of confinement at the Escambia County Jail (the "Jail"). ECF Doc. 4. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). As set forth below, Plaintiff's amended complaint is subject to dismissal based on Plaintiff's failure to comply with Court orders, his failure to keep the Court apprised of his current address, and his failure to prosecute.

    On July 29, 2022, the Court ordered Plaintiff to file a second and complete motion to proceed *in forma pauperis*, or alternatively, pay the $402.00 filing fee within twenty-one (21) days. ECF Doc. 6. When that time expired without response

by the Plaintiff, the Court issued an order on August 26, 2022, directing him to show cause by September 9, 2022, why the case should not be dismissed for his failure to comply. ECF Doc. 7. The August 26 Order was returned undeliverable, as Plaintiff was released from the Jail and did not update the Court with his address, despite being explicitly instructed to keep the Court apprised of his address in three prior orders. ECF Docs. 3, 6 & 7. In an effort to give Plaintiff every opportunity to comply, the Court reviewed the Escambia County Jail online records, determined Plaintiff had been released and then re-arrested, remailed the August 26 Order to Plaintiff at the Jail on September 8, and then allowed additional time for Plaintiff to comply. ECF Doc. 9. He has failed to do so and has failed to correspond with the Court in any way since filing the Amended Complaint and first *in forma pauperis* motion on July 15, 2022. ECF Docs. 4 & 5.

The failure of a party to advise the court of their current address is grounds for dismissal. *See e.g., Gilbert v. Daniels,* 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint"); *Rodgers v. Smith*, 2020 WL 4044714, at *2 (S.D. Ala. June 16, 2020), *report and recommendation adopted*, 2020 WL 4043055 (S.D. Ala. July 17, 2020) (dismissing action because plaintiff failed to

update his address as specifically directed by the Court's § 1983 prisoner complaint form and thus gave the Court no means by which to communicate with him).

Also, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Thus, dismissal is appropriate here because Plaintiff has not (1) paid the filing fee or (2) updated the Court of his change of address as directed.

Indeed, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x

802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with Court orders, and failure to keep the Court apprised of an address at which he can be reached.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this this 29th day of September, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:22cv9373-LC-HTC